IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA J. KARAS,<br><br>    Plaintiff,<br><br>v.<br><br>ACCESS HOLLYWOOD,<br><br>    Defendant. | No. C 12-02310 CRB<br><br>**ORDER GRANTING IN FORMA PAUPERIS AND DISMISSING CASE** |

Plaintiff Paula J. Karas moves to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Dkt. 2. A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief maybe granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint, the Court finds that the pleading fails to state a cognizable claim for relief. The Court GRANTS Karas's IFP application, but that her complaint is DISMISSED WITHOUT PREJUDICE in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.    LEGAL STANDARD**

Any person seeking to commence a civil suit in district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). A district court has the authority to waive this fee for any person

who shows in an affidavit that he or she is unable to pay it. 28 U.S.C. § 1915(a)(1). A district court may dismiss the complaint of an IFP applicant at any time if it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The district court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, pro se litigants are not "excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

## II.     DISCUSSION

Karas has shown in her IFP application that she is unable to pay the filing fee required to file a complaint. Pl.'s IFP App., Dkt. No. 2. Accordingly, the Court GRANTS her IFP application. Karas's Complaint, however, fails to state a claim upon which relief may be granted.

In her Complaint, Karas claims that Defendant Access Hollywood violated her rights under the United States Constitution. Compl. 1. Dkt. No. 1. She alleges, in entirety: "Now comes the plaintiff pro se in the above captioned matter and hereby asserts to this United States District Court that the plaintiff's United States claims against the defendants is that the defendants violated the plaintiff's United States Amendment Rights under the United States Constitution as a media viewer." Compl. 1. Plaintiff has also submitted an "Affidavit of facts," dkt. 5, to support her "Motion for Trial," dkt. 4. First, the Court notes these are improper filings, and all of Plaintiff's claims and factual allegations must be included in the

Complaint. Moreover, the "Affidavit of facts," includes only the following further information: "The plaintiff attests as a media viewer that for many years to present the defendants have violated the plaintiff's United States Amendment Rights under the United States Constitution to view television media that is suitable for a media viewer. Unconstitutional media coverage of but not limited to indecent exposure, abortion and death." Dkt. 5.

Plaintiff does not state which Amendments to the Constitution she alleges defendant has violated. The Amendment to the Constitution "apply to and restrict only the Federal Government and not private persons." Public Utils. Comm'n of Dist. of Columbia v. Pollak, 343 U.S. 451, 461 (1952). Federal government officials may be sued in their capacity as individuals. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Here, Karas's complaint fails to state a claim for relief under any Amendment to the Constitution because she fails to allege that Access Hollywood is an entity acting on behalf of the federal government. Karas's Complaint also fails to state a claim for relief under 42 U.S.C. § 1983, which provides a cause of action for constitutional violations committed by persons acting under the color of state law, as Karas does not allege that Access Hollywood acted under the authority of state law when it purportedly violated her rights. West v. Adkins, 487 U.S. 42, 48-49 (1988).

## III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to proceed IFP. The Court sua sponte DISMISSES the action without prejudice and with leave to amend. Plaintiff has thirty (30) days to file an amended complaint. Failure to do so may result in dismissal of Plaintiff's case with prejudice.

**IT IS SO ORDERED.**

Dated: July 30, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE